**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Christopher Coon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| DCI Credit Services, | ) | Case No. 1:25-cv-094 |
| | ) | |
| Defendant. | ) | |

Plaintiff initiated the above-captioned action *pro se* and *in forma pauperis* in April 2025. The court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and, finding Plaintiff it deficient in multiple respects, issued an order directing Plaintiff to either file an Amended Complaint or show cause why this matter should not be dismissed. Plaintiff subsequently filed an Amended Complaint. Having now screened Plaintiff's Amended Complaint and finding it too is deficient, the court dismisses this matter without prejudice.

I.    **BACKGROUND**

Plaintiff initiated this action against Defendant DCI Credit Services ("DCI"), a debt collection agency. In his Complaint, as the basis for this court's exercise of jurisdiction, he checked the box next to "federal question jurisdiction" and then went on to assert

> Defendant filed a civil Suit against Plaintiff for non Payment regarding autobody work. That was already paid for by USAA. DCI Credit Services is pushing a fraudulent judgment On behalf of an Autobody This Amounts to Insurance Fraud

> * * *

> The Plaintiff is owed 10000.00 for the faulty body work done to the Automobile at hand.

(Doc. No. 4) (errors in original). Next, under the heading "Statement of Claim," Plaintiff alleged:

1

> The Plaintiff is seeking 6 million in Damages for undue stress and duress. Embarrassment at work and The Plaintiff boss was served by the Sheriffs Department to Garnish his entire Paycheck leaving the Plaintiff No way to pay his bills or put food on the table to feed his Children.

(Id.) (errors in original).

The court screened Plaintiff's Complaint pursuant to 21 U.S.C. 1915(e).  Finding Plaintiff had not articulated a factual basis for any cognizable federal claims, did not otherwise establish a basis for this court's exercise of jurisdiction, and asserted claims that appeared to be barred by the Rooker-Feldman doctrine, the court issued an order giving Plaintiff an opportunity to file an Amended Complaint addressing his original Complaint's deficiencies or, alternatively, to show cause why this matter should not be dismissed.

 (Doc. No. 7).

 On July 21, 2025, Plaintiff filed an Amended Complaint, asserting in relevant part the following:

> 1  This Plaintiff filed a Federal Law Suit against Defendant for a Collections Action That has proven to be Fraudulent on multiple issues.
> 2.  Recently The District Court in Williams County Vacated its Judgement under Rule 60.  However the damage has already been done.
> The Defendant in December of 2024 had Plaintiff served with a Summons and Complaint. However, they served it without actually opening a case. The Defendant waited thill the 21 day time period expired and then opened a case and filed for a summary judgement which was granted.
> The Defendant knew that by not opening the case the plaintiff could not respond to his complaint Because the clerk of the court could not file any paperwork related to the original summons or complaint because there was no open case in which to file it on.
> The Defendant like many debt collectors use this legal loophole to as a quick way to undermine a Person who does not understand the law or even for that matter can afford to hire an attorney.
> This Court is with Jurisdiction.
> This legal loophole violated Due process which is guaranteed by the fifth and Fourteenth amendment.  Due Process Requires "that no person can be deprived of life liberty or property without due process of law." Clearly the facts demonstrate that the Defendant acted in direct violation of Due Process.  Had he been served with a summons and complaint with an open case Where the Plaintiff could have

timely filed a response with the Clerks office which is how it should be Both Parties should have the same rights. The Defendant Sought to Use the Legal loop hole. So he could obtain a quick judgement and have the plaintiffs pay checks stripped from him. Thus the deprivation of life liberty. In further of this argument Neither Christopherson Tin Lizzy nor DCI Has yet to provide this Plaintiff with any documentation showing that there was or is a Past due Bill.

This Court has jurisdiction when District Courts Rulings are in direct Conflict with Constitutional law.

Finally The Damages caused by The Defendant Cannot be undone. The Attempted wage garnishment along with the fact that my boss was chased down by the sheriffs office to serve these papers which were gained by a judgement where due process was clearly violated. The Defendant is not above the laws of the state of North Dakota nor The Plaintiffs Constitutional Rights. Clearly there is sufficient evidence and a legal basis for this lawsuit to proceed forward.

(Doc. No. 8) (errors in original). The Amended Complaint is now the operative pleading and subject to review pursuant to 28 U.S.C. § 1915(e).

## II.    <u>STANDARD OF REVIEW</u>

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Robinson v. Bridgeport Pub. Sch.</u>, No. 8:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations to nudge their claims across the line from conceivable to plausible). In applying the standard, the court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594

(8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Jones v. Douglas Cty. Sheriff's Dep't, 915 F.3d 498, 499 (8th Cir. 2019); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). On the other hand, the court "will not supply additional facts, nor ... construct a legal theory for plaintiff that assumes facts that have not been pleaded" and "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002); see also Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010) ("A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice.").

Pro se complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted).

## III.  DISCUSSION

### A.  Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." Dieser v. Cont't Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (quoting Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991)).

Federal courts have original subject matter jurisdiction over claims for alleged violations of federal laws or the United States Constitution. See 28 U.S.C. § 1331 (federal question

jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). Federal courts also have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

### B.    Constitutional Claims

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008); see also Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

"[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). "And § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." Id. at 838; see also Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010 (opining that a "plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right" in order to state a claim for relief under 42 U.S.C. § 1983). "Like the state-action requirement of the Fourteenth Amendment, the under-

5

color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1002 (1982) (citation and internal quotation omitted)).

When a private party acts under color of state law, it can be held liable under § 1983. <u>Crumpley-Patterson v. Trinity Lutheran Hosp.</u>, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." <u>Gibson v. Regions Fin. Corp.</u>, 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." <u>Mershon v. Beasley</u>, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff claims that Defendant violated his constitutional rights by denying him due process. The merits of his claim aside, the allegations in the complaint clearly indicate Defendant was acting only as a private entity seeking to collect on a disputed debt, and that it was in no sense a state actor. Plaintiff has not alleged that Defendant was participating in joint activity with the State or its agents. Because Defendant is not a state actor and there are no facts suggesting it conspired with state actors, Plaintiff as not asserted a cognizable constitutional claim against Defendant.

### C.    Federal Statutory Claims

Plaintiff's pleadings are otherwise devoid of any cognizable federal statutory claim. Plaintiff takes issue with Defendant's efforts to collect a debt that he disputes. In so doing, Plaintiff complains about what he characterizes as a legal loophole as well as the state's procedural rules regarding service of process and an order issued by state district court (that has now apparently been vacated). Plaintiff does not allege that Defendant engaged in any practices in violation of

6

federal law regarding debt collection, however.  As Defendant is not a state actor and is not otherwise alleged to have violated any federal law, there is no basis for this court's exercise of federal question jurisdiction.

### D.    State Law Claims

Insofar as Plaintiff is endeavoring to assert state law claims for fraud and/or infliction of emotional distress, the court declines to exercise supplemental jurisdiction over them.

A district court exercising original jurisdiction over federal claims also has supplemental jurisdiction over state claims which "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). A district court has broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639  (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. . . . . A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (internal citation omitted); see also Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 359 (8th Cir. 2011). "In exercising its discretion, the district court should consider factors such as judicial economy, convenience, fairness, and comity." Brown v. Mort. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.").

This court finds that Plaintiff's remaining state claims are more appropriately addressed in state court as there is nothing in the pleadings to indicate that that there is complete diversity of citizenship, this matter is in its nascent stage between the parties, and the interests of judicial

economy, convenience, and fairness would best be served if the questions of state law were left to a state court.  See e.g, Elmore v. Harbor Freight Tools USA, Inc., 844 F.3d 764, 767 (8th Cir. 2016) (affirming the district court's declination to exercise supplemental jurisdiction over a negligence claim following dismissal of plaintiff's federal claims).

IV.     **<u>CONCLUSION</u>**

Plaintiff's Complaint is devoid of any cognizable federal claim. Insofar as Plaintiff is endeavoring to assert state law claims, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over them.   The above-captioned action is therefore **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court